1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE DISTRICT OF ARIZONA

8

9   Richard Putnam,                    )    No. CV-04-2615-PHX-DGC (LOA)
                                        )
10            Petitioner,               )    **REPORT AND RECOMMENDATION**
                                        )
11  vs.                                 )
                                        )
12  Dora B. Schriro, et al.,            )
                                        )
13            Defendants.               )
                                        )
14  _____)

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28

16  U.S.C. § 2254.  (document # 1) Respondents have filed an Answer arguing that Petitioner

17  procedurally defaulted his claims in state court, and therefore, this Court is precluded from

18  reviewing those claims. (document # 16)  Petitioner has filed a reply.  (document # 17)

19          Also before the Court is Petitioner's "Motion to Rule on Prior Motion" in which he

20  requests that the Court "declare all claims properly exhausted."  (filed January 9, 2006)

21          **FACTUAL AND PROCEDURAL BACKGROUND**

22          On January 20, 2000, the State of Arizona charged Petitioner with four counts of

23  sexual exploitation of a minor.  (Respondents' Exh. A at 1) On August 21, 2000, the trial court[1]

24  accepted and entered Petitioner's guilty plea to one count of sexual exploitation of a minor and

25  one count of attempted sexual exploitation of a minor.  (Respondents' Exh. A at 41, 42) On

26  October 11, 2000, the court sentenced Petitioner to a presumptive term of 17 years in prison on

27

28      [1] The Honorable Penny L. Willrich presided.

1    the first count, and to lifetime probation on the second count.  (<u>Id.</u> at 48)   By pleading guilty,

2    Petitioner waived his right to direct appeal.  Ariz.R.Crim.P. 17.1(e)  Accordingly, Petitioner

3    challenged his conviction by way of post-conviction review pursuant to Ariz.R.Crim.P. 32.

4    **I.  First Post-Conviction Proceedings**

5             On October 25, 2000, Petitioner filed his first notice of post-conviction relief under

6    Ariz.R.Crim.P. 32.  The trial court appointed the Maricopa County Public Defender's Office to

7    represent Petitioner. (Respondents' Exh. A at 50, 53) On April 30, 2001, the Public Defender's

8    Office moved to withdraw based on a conflict of interest which arose when Petitioner indicated

9    that he wanted to raise an ineffective assistance of counsel claim against the public defender

10   who represented him at trial. (<u>Id.</u> at 60) The trial court granted the motion to withdraw and

11   appointed the Office of the Legal Advocate to represent Petitioner. (Respondents' Exh. A at 62)

12    The court ordered that the petition for post-conviction relief was due on August 30, 2001.

13   (Respondents' Exh.  A at 63).

14            Thereafter, the court granted Petitioner's counsel several extensions of time to file

15   the petition for post-conviction relief.  On December 7, 2001, counsel filed an uncertified

16   petition and requested an extension of time to file a certified petition pending receipt of

17   Petitioner's signed certification form.  (Respondents' Exh. A at 63-65, 67-70, 72) Petitioner

18   refused to sign the certification form because the petition did not include all of the issues that

19   Petitioner wished to raise.  (Respondents' Exh. A at 74)  On January 11, 2002, counsel moved

20   to withdraw the uncertified petition.  (<u>Id.</u> at 74)   Counsel also moved to withdraw as counsel

21   because Petitioner and counsel had "irreconcilable differences" regarding the claims to include

22   in the petition for post-conviction relief.  Finally, counsel requested an extension of time to

23   permit Petitioner to file a pro se petition.  (<u>Id.</u> at 74) On January 28, 2002, the trial court granted

24   counsel's motion to withdraw the uncertified petition, and extended the filing deadline to March

25   15, 2002.  (Respondents' Exh. A at 76)

26            Thereafter, Petitioner moved to proceed pro se, extend the filing date, and requested

27   "copies of all records and transcripts."  (<u>Id.</u> at 78)   The court granted Petitioner's motion to

28   proceed pro se and permitted the Office of Legal Advocate to withdraw as Petitioner's counsel.

(Id. at 77) The trial court also extended the deadline for Petitioner to file a pro se petition to April 12, 2002 and advised Petitioner that the transcripts were "en route via mail." (Id.) In a motion dated March 1, 2002 and filed March 12, 2002, Petitioner requested that the Public Defender's Office provide him with copies of interview statements and police reports. Petitioner also requested "an extension of time sufficient to allow for the preparation of [his] petition for post-conviction relief." (Respondents' Exh. A at 79)

On May 13, 2002, the trial court dismissed the post-conviction proceeding based on Petitioner's failure to file a petition by the April 12, 2002 deadline. (Respondents' Exh. A at 81) On May 16, 2002, Petitioner requested that the trial court rule on his March 1, 2002 motion and also requested another extension of time to file his petition. (Id. at 84) On May 28, 2002, the trial court denied Petitioner's motion and affirmed its prior dismissal of the post-conviction proceedings. (Id. at 83) Petitioner did not seek review by the Arizona Court of Appeals.

**II. Second Post-Conviction Proceedings**

On August 12, 2002, Petitioner filed a second notice of post-conviction review. (Respondents' Exh. A at 88) Petitioner cited Ariz.R.Crim.P. 32.1(f) which permits untimely claims where "[t]he defendant's failure to file a notice of post-conviction relief of-right . . . within the prescribed time was without fault on the defendant's part. . . ." Ariz.R.Crim.P. 32.1(f). Petitioner claimed that his failure to timely file his petition for post-conviction relief was not his fault because he was waiting to receive the "complete transcript" pertaining to his criminal case. (Id.)

On September 25, 2002, the trial court dismissed Petitioner's second notice of post-conviction relief as untimely under Ariz.R.Crim.P. 32.4(a) and found that the Rule 32.1(f) exception did not apply to a second notice for post-conviction relief. (Respondents' Exh. A at 90) Petitioner did not seek appellate review of the trial court's dismissal of his second post-conviction proceedings.

**III. Third Post-Conviction Proceedings/State Petition for Writ of Habeas Corpus**

On October 7, 2002, Petitioner filed a petition for writ of habeas corpus in the Pinal County Superior Court raising the following claims:

1. The trial court lacked jurisdiction because A.R.S. § 13-3553 is unconstitutionally vague and/or overbroad "in violation of fundamental due process of law and prohibition against cruel and unusual punishment."

2. The trial court lacked jurisdiction because the indictment was void because A.R.S. § 13-3553 was unconstitutionally applied to him, "in violation of due process of law, the confrontation clause, and/or prohibition against cruel and unusual punishment."

3. The trial court lacked jurisdiction because the indictment was void because the prosecutor violated "both state and federal eavesdropping/wiretapping statutes in violation of due process, equal protection, privileges and immunities, prohibition against giving evidence against oneself, and/or supremacy clause."

4. "Ineffective assistance of trial counsel was the cause of the prejudice suffered by Petitioner because of the trial court proceeding to enter judgment and impose sentence without jurisdiction."

(Respondents' Exh. A at 95, subpart 1)

On December 3, 2002, the Pinal County Superior Court[2] determined that the claims in Petitioner's state habeas corpus petition were, "in reality," claims that "should have been, and could have been raised on appeal and in post conviction proceedings before the trial court." (Respondents' Exh. A at 95, subpart 6) Therefore, the court concluded that none of the issues which Petitioner raised were properly presented in a petition for writ of habeas corpus.  (Id.) The trial court dismissed Petitioner's state habeas petition and ordered that Petitioner's pleadings be forwarded to the Maricopa County Superior Court "for such further proceedings as required by law and Court rule."  (Respondents' Exh. A at 95, subpart 6)

On June 3, 2003, the Maricopa County Superior Court construed Petitioner's state habeas petition as a third petition for post-conviction relief.  The trial court[3] found that Petitioner was precluded from obtaining relief under Rule 32.2(a) on any of his claims "because they either were or should have been raised in his first Rule 32 of-right proceeding." (Respondents' Exh. A at 101) Petitioner filed a motion for reconsideration which the trial court summarily denied on August 11, 2003.  (Id. at 102, 104)

Petitioner sought review in the Arizona Court of Appeals claiming that:

---

[2] The Honorable Boyd T. Johnson presided.

[3] The Honorable Thomas W. O'Toole presided.

1        1. Arizona Rule of Criminal Procedure 32 is unconstitutional on its
    face and as applied in Petitioner's case. (Respondents' Exh. B at 2)

2

3        2. The Pinal County and Maricopa County trial judges erred in failing
    to consider Petitioner's challenge to A.R.S. §13-3551. (<u>Id.</u> at 11)

4        3. The Pinal County and Maricopa County trial judges erred by failing
    to explain their avoidance of Petitioner's challenge to the application of

5        A.R.S. § 13-3551 to Petitioner's case.  (<u>Id.</u> at 18)

6        4. The Pinal County and Maricopa County trial judges erred by refusing to
    provide an explanation for "avoiding and then denying" Petitioner's

7        jurisdictional challenges based on "violations of both federal and state
    wiretap/eavesdropping statutes and constitutional rights in order to obtain

8        the indictment against Petitioner."   (<u>Id.</u> at 20)

9    (Respondents' Exh. B)  On August 4, 2004, the Arizona Court of Appeals summarily denied

10   review.  (Respondents' Exh. C) Petitioner did not seek further review.

11   **<u>DISCUSSION</u>**

12   **I. Timeliness**

13       Respondents do not dispute that Petitioner's § 2254 petition is timely under 28

14   U.S.C. § 2244(d)(1).  The Report and Recommendation, therefore, will not address that issue.

15   **II.  Exhaustion and Procedural Default**

16       Respondents contend that Petitioner is not entitled to federal habeas review because

17   he procedurally defaulted each of the 17 claims in his Petition.  In Grounds One through Ten

18   Petitioner challenges A.R.S. § 13-4231, also known as Rule 32, as unconstitutional. (document

19   # 1 at 5-15) In Grounds Eleven through Sixteen, Petitioner claims that A.R.S. § 13-3551, et seq.,

20   violates the Due Process Clause, the Confrontation Clause, the Eighth Amendment, "ex post

21   facto laws," and the Fifth Amendment.   (document # 1 at 16-21) In Ground Seventeen,

22   Petitioner claims that trial counsel was ineffective in failing to challenge the trial court's

23   jurisdiction in view of the constitutional defects in A.R.S. § 13-4231 and A.R.S. § 13-3551.

24       The statute governing habeas corpus relief in federal court requires a petitioner to

25   exhaust his state court remedies before seeking federal review:

26       An application for a writ of habeas corpus on behalf of a person in
    custody pursuant to the judgment of a State court shall not be granted

27       unless it appears that:

28

1

(A)  the applicant has exhausted the remedies available in the courts of the State; or

2

3

(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

4

28 U.S.C. § 2254(b)(1).

5

### A.  Relevant Law

6

7

1.  Prior to habeas review, a petitioner must exhaust every federal claim raised in his petition in state court.

8

Under 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's

9

application for habeas relief, the prisoner must have exhausted in state court every claim he

10

seeks to raise in his federal habeas corpus petition.  Coleman v. Thompson, 501 U.S. 722, 731

11

(1991).  To properly exhaust state remedies, a habeas petitioner must have afforded the state

12

courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" those

13

claims to the state courts.  Baldwin v. Reese, 541 U.S. 27, 27 (2004) (stating that a state prisoner

14

must "'fairly present' his claim in each appropriate state court to alert that court to the claim's

15

federal nature")(quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).  See also Duncan, 513

16

U.S. at 366 (holding that the petitioner did not exhaust his state remedies where he failed to

17

advise the state court that his claim that an evidentiary ruling violated state law also violated a

18

constitutional right: "If a habeas petitioner wishes to claim that an evidentiary ruling at a state

19

court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must

20

say so, not only in federal court, but in state court").  But see Sandgathe v. Maass, 314 F.3d 371,

21

376–77 (2002) (stating if "post-conviction trial court expressly included federal constitutional

22

claims in its ruling," the state court's decision precludes the use of an exhaustion defense as to

23

that decision).

24

2.  Both exhausted and unexhausted claims may be precluded from federal habeas review if they are procedurally defaulted.

25

26

Notwithstanding whether a petitioner's claims were "fairly presented" to the state

27

courts, a petitioner's claims may be barred from federal habeas review if they are procedurally

28

defaulted.  Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005).  There are two categories

1    of procedural default.  Id. (stating that "the procedural default rule . . . applies . . . when a state

2    court has been presented with the federal claim, but declined to reach the issue for procedural

3    reasons, or if it is clear that the state court would hold the claim procedurally barred.")(quoting

4    Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir. 2002)(internal quotation marks and citations

5    omitted)); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).

6           First, exhausted claims may be procedurally defaulted.  This arises when a state

7    court applies a procedural bar when the prisoner attempts to raise a claim in state court.  Ylst

8    v.Nunnemaker, 501 U.S. 797, 802–05 (1991) (noting that, in violation of a California state

9    procedural rule, state prisoner raised a Miranda claim for the first time on direct appeal).  The

10   procedural bar effectively exhausts the claim because "no state remedies remain available" to

11   the habeas petitioner.  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citing Batchelor

12   v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982)).  When a petitioner defaults his federal claim in

13   state court pursuant to an "independent and adequate" state rule, federal habeas review on the

14   merits is barred.  Coleman, 501 U.S. at 722–23; Wainwright v. Sykes, 433 U.S. 72, 81, 87

15   (1977); Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir.1994) ("In order to constitute adequate and

16   independent grounds sufficient to support a finding of procedural default, a state rule must be

17   clear, consistently applied, and well-established at the time of petitioner's purported

18   default.")(citations omitted).

19          Second, where a prisoner failed to present his claims to the state courts, his

20   unexhausted claims may be procedurally defaulted.  Cassett, 406 F.3d at 621 n.5 (likening the

21   procedural default to technical exhaustion) (citations omitted).  In fact, "the procedural default

22   [is] *caused by* a failure to exhaust federal claims in state court."  Sandgathe, 314 F.3d at

23   376(emphasis in original).  The procedural default arises because, pursuant to a state court's

24   procedural rules, a return to state court to exhaust the claims would be futile.  Teague v. Lane,

25   489 U.S. 288, 297–99 (1989); Coleman, 501 U.S. at 735 n.1 (stating that a claim is procedurally

26   defaulted when "the petitioner failed to exhaust state remedies and the court to which the

27   petitioner would be required to present his claims in order to meet the exhaustion requirement

28   would now find the claims procedurally barred").  For example, under Arizona law, defendants

are precluded from filing petitions for post-conviction relief if: (1) the ground has been waived "at trial, on appeal, or in any previous collateral proceeding" or (2) the petition is filed more than thirty days after an order or mandate affirming the judgment and sentence on direct appeal. Ariz. R. Crim. P. 32.2(a)(3), 32.4(a), 32.9.   A claim that is procedurally defaulted by the "futility" of returning to state court to properly exhaust the claim is not subject to federal habeas review.   Beaty, 303 F.3d at 987 (holding that petitioner's unexhausted claims were not subject to federal habeas review because he was time-barred under Rule 32.2(a) of the Arizona Rules of Criminal Procedure from returning to state court to argue them); State v. Mata, 916 P.2d 1035, 1048–53, 185 Ariz. 319, 322-337 (Ariz.Ct.App. 1996) (holding that petitioner's unexhausted ineffective assistance claims were procedurally barred under Rule 32.2(a) of the Arizona Rules of Criminal Procedure because he waived the right to present them at trial).

### 3. A petitioner may overcome a procedural bar if he can demonstrate cause and prejudice, or a fundamental miscarriage of justice

Claims that are procedurally barred from federal habeas review may warrant review on the merits if petitioner demonstrates: (1) cause for the default and actual prejudice; or (2) that failing to review the claims "will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724.

To establish cause for the default, a petitioner must establish that "some objective factor external to the defense impeded [his efforts] to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).   Prejudice is proved by demonstrating that the alleged constitutional violation "worked to [a petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).   Cause and prejudice are conjunctive requirements; where a petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations.   Smith v. Murray, 477 U.S. 527, 533 (1986).

The "fundamental miscarriage of justice" exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a

1   crime.  Casey v. Moore, 386 F.3d  896, 921 n. 27 (9th Cir. 2004).  To establish a "fundamental

2   miscarriage of justice" resulting in the conviction of one who is actually innocent, a state

3   prisoner must establish that it is more likely than not that no reasonable juror would have found

4   him guilty beyond a reasonable doubt in light of new evidence.  Schlup v. Delo, 513 U.S. 298,

5   327 (1995); 28 U.S.C. § 2254(c)(2)(B);  Calderon v. Thompson, 523 U.S. 538, 559 (1998)

6   ("[T]he miscarriage of justice exception is concerned with actual as compared to legal

7   innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every

8   case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks

9   and citations omitted).

10                      **B.  Claims One through Nine**

11              Respondents assert that Petitioner's first nine claims are procedurally defaulted and

12   barred from federal review.  In his first nine grounds for relief, Petitioner challenges the

13   constitutionality of A.R.S. § 13-4231, also known as Arizona Rule of Criminal Procedure 32.

14   Petitioner did not challenge A.R.S. § 13-4231 in any of his post-conviction petitions filed with

15   the trial court.

16              Rather, after the trial court dismissed Petitioner's third post-conviction proceedings

17   on procedural grounds, in his petition for review to the Arizona Court of Appeals, Petitioner,

18   for the first time, challenged the constitutionality of Arizona Rule of Criminal Procedure 32

19   under the Arizona Constitution.  (Respondents' Exh. B at 2-11)  Petitioner, however, neither

20   referred to the United States Constitution nor asserted any theory based on federal law to

21   support his claim that Arizona's statutes governing post-conviction relief violated the

22   constitution.  Rather, Petitioner's claims were based solely on Arizona law.  Petitioner claimed

23   that Arizona's statutes and rules governing post-conviction relief conflicted with provisions of

24   the Arizona Constitution and other Arizona statutes governing state petitions for post-conviction

25   relief.  (Id.)  Because Petitioner never presented his federal challenges to A.R.S. § 13-4231 to

26   the Arizona state courts in a procedurally proper manner, those claims are procedurally

27   defaulted and barred from federal review.

28

Petitioner may not seek further state review of his federal claim because the filing deadline has expired pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure and none of Petitioner's challenges to A.R.S. § 13-4231 are the type of claim that may be raised in an untimely petition. Under Rule 32.4(a), a state prisoner seeking post-conviction relief for a non-capital conviction must file a notice of post-conviction relief "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Ariz. R. Crim. P. 32.4(a).

A notice of post-conviction relief not timely filed may only raise claims pursuant to Rule 32.1(d)-(h). Id. These exceptions are narrow and apply only if:

(d) [t]he person is being held in custody after the sentence imposed has expired; or

(e) [n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence . . . ; or

(f) [t]he defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

(g) [t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

(h) [t]he defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt . . . .

Ariz.R.Crim.P. 32.1(d)-(h). If a claim does not fall into one of these categories and notice of Rule 32 relief is filed outside the time limits prescribed in Rule 32.4(a), the petition is untimely and subject to summary dismissal. State v. Rosario, 987 P.2d 226, 228, 195 Ariz. 264, 266 (Ariz.Ct.App. 1999). In addition, Rule 32.2(b) provides that the notice of post-conviction relief for successive or untimely post-conviction proceedings must indicate the applicable exception, 32.1(d), (e), (f), (g), or (h), and the basis for not raising the claim sooner. If meritorious reasons are not set forth, the notice shall be dismissed. Ariz. R. Crim. P. 32.2(b). In view of Rules 32.4 and 32.2(b), Petitioner cannot return to state court to present his federal challenge to A.R.S. § 13-4231.

**C.  Grounds Ten through Sixteen**

In Grounds Ten through Fifteen, Petitioner challenges the constitutionality of A.R.S. § 13-3551.   (document # 1 at 15-20)     In Ground Sixteen, Petitioner claims that his "constitutional right to privacy and his Fifth Amendment right against self-incrimination was violated by an illegal police sting."  (Id. at 21)  Petitioner did not present any of these federal claims in his initial petitions for post-conviction relief.   Rather, in his third petition for post-conviction relief Petitioner challenged A.R.S. § 13-3551 for the first time.  On June 3, 2003, the trial court held that:

> Pursuant to Rule 32.2(a), defendant is precluded from relief concerning the claims [the A.R.S. § 13-3551 is unconstitutionally vague and overbroad, that his sentence constitutes cruel and unusual punishment, and that the indictment is defective] because they either were or should have been raised in his first Rule 32 of-right proceeding.

(Respondents' Exh. A at 101) The appellate court summarily denied review, therefore, the trial court's June 3, 2003 minute entry is the last reasoned decision by a state court.  See, Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).   Thus, the state court applied a procedural bar when Petitioner attempted to challenge A.R.S. § 13-3551 in his third petition for post-conviction relief.  Because Rule 32.2(a)(3) is an "independent and adequate" state rule, federal habeas review is barred.  Coleman, 501 U.S. at 722, 23.

Arizona Rule of Criminal Procedure 32.2(a)(3) provides, in relevant part, that "[a] defendant shall be precluded from relief under this rule based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding."  In Stewart v. Smith, 536 U.S. 856, 860 (2002), the Supreme Court held that "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits."   Additionally, the Ninth Circuit has held that Rule 32.2(a)(3) is "adequate."  See, Ortiz v Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998)(citing Poland v. Stewart, 117 F.3d 1094, 1106 (9th Cir. 1997)).

In view of Petitioner's failure to present his federal claims raised in grounds ten through sixteen in a procedurally proper manner and the state court's ruling that such claims were procedurally defaulted, grounds ten through sixteen are procedurally barred.

- 11 -

**D. Ground Seventeen**

In Ground Seventeen, Petitioner claims that trial counsel was ineffective in failing to timely challenge the trial court's jurisdiction over Petitioner. Petitioner essentially argues that trial counsel should have challenged the constitutionality of A.R.S. § 13-4231 and A.R.S. § 13-3551 on the grounds raised in his pending petition. This claim is also procedurally barred.

In his third petition for post-conviction relief, Petitioner argued that counsel was ineffective. The trial court held that Petitioner was precluded from relief under Rule 32.2(a)(3) because he should have raised his claim of ineffective assistance of counsel in his first petition for post-conviction relief. (Respondents' Exh. A at 101) Petitioner sought appellate review of the trial court's order dismissing his third petition for post-conviction relief. On appeal, Petitioner did not raise a claim of ineffective assistance of counsel. (Respondents' Exh. A at 95, subpart 1, pp. 11-12; Exh. B) Because Petitioner did not present his claims of ineffective assistance of counsel to the appellate court, he procedurally defaulted those claims. See, Casey, 386 F.3d at 916 (to properly exhaust, the claims must be raised at all appellate stages afforded under state law.)(citation omitted).

**E. Cause and Prejudice or Fundamental Miscarriage of Justice**

The Court must next determine whether Petitioner has demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse the procedural bar. Proof of cause for procedural default ordinarily turns on a petitioner's showing of some objective factor external to the defense that impeded compliance with state rules. Objective factors could be, for example, "a showing that the factual or legal basis for a claim was not reasonably available, . . . or that 'some interference by officials' . . . made compliance impracticable . . . . " Murray, 477 U.S. at 488 (citations omitted). A showing of constitutionally ineffective assistance of counsel may also constitute cause. Murray, 477 U.S. at 488. Petitioner argues that the trial court's failure to extend the deadline for filing his first petition for post-conviction constitutes cause. This claim fails. First, in response to Petitioner's first request for extension of time, the trial court extended the filing deadline from March 15 to April 12, 2002. (Respondents' Exh. A at 63, 67, 68, 72, 76-78) Second, in his March 1, 2002 request for an extension of time, made

only days after his first request for an extension of time, Petitioner explained that he was waiting for documents from the Public Defender's Office. However, such documents were not relevant to Petitioner's claim that A.R.S. § 13-3551 violates the Constitution or his claim that A.R.S. § 13-4231 is unconstitutional. Petitioner fails to explain why he was precluded from filing a timely petition for post-conviction relief merely because he did not have the transcripts of the proceedings.    Lack of access to transcripts does not preclude a petitioner from commencing a collateral proceeding. See, United States v. Lewis, 605 F.2d 379, 379 (8th Cir. 1979)(holding that prisoner does not have an absolute right to transcripts to collaterally attack sentence.)  Petitioner is unable to show that the failure of the Public Defender's Office to promptly provide him with transcripts or other documents impeded his ability to timely file his first petition for post-conviction relief. Petitioner does not establish that his claims rely specifically on the transcripts.  Petitioner sought to raise legal arguments which he could have been lodged without the transcripts.  See, Grayson v. Grayson, 185 F.Supp.2d 747, 751 (E.D. Mich. 2002)(noting that counsel's failure to give petitioner his case file was not sufficient to toll the limitations period); Love v. Roe, No. 98-0718-IEG (LAB), 1999 WL 253468, * 7 (S.D.Cal., February 25, 1999)(finding no basis to toll the limitations period where petitioner failed to explain how transcripts were necessary to file a meaningful habeas petition).

      Petitioner has not established that any external factor prevented him from timely filing his first petition for post-conviction relief.  Additionally, Petitioner did not seek review in the Arizona Court of Appeals of the trial court's dismissal of his first post-conviction proceedings.

1
2
3
4

Because Petitioner has failed to establish cause for the procedural default, the Court need not examine the existence of prejudice from the alleged violation of federal law.    Therefore, Petitioner has failed to carry his burden of proof regarding cause and prejudice.

5
6
7
8
9
10
11
12
13
14

Nor has Petitioner shown that his claims require federal review to prevent a fundamental miscarriage of justice.  The fundamental miscarriage of justice exception applies only when a petitioner establishes "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Schlup</u>, 513 U.S. at 327.  Here, Petitioner has not established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. <u>Id.</u>  The fundamental miscarriage of justice exception does not apply in this case and a miscarriage of justice would not result from upholding the procedural bar.

15

**<u>CONCLUSION</u>**

16
17
18
19
20

Petitioner's claims are procedurally barred.  Because Petitioner has not demonstrated cause and prejudice, and because he has not shown that a miscarriage of justice would result from upholding the procedural bar, there are no grounds to avoid the procedural bar.  Therefore, federal habeas review on the merits is barred.

21
22

**<u>MOTION TO RULE ON PRIOR MOTION</u>**

23
24
25
26
27
28

Also before the Court is Petitioner's Motion to Rule on Prior Motion (filed January 9, 2006.)   In the pending motion, Petitioner requests a ruling on his Motion to Determine Adequacy of AEDPA Exhaustion of Remedies.  (document # 5) The Court previously denied Petitioner's Motion to Determine Adequacy of AEDPA Exhaustion of Remedies as premature. (document # 9)    Accordingly, the Court has technically ruled on that motion and Petitioner's

pending Motion to Rule on Prior Motion is moot.  Moreover, the Report and Recommendation addresses the exhaustion requirement as to Petitioner's claims and, therefore, rules on the substance of Petitioner's Motion to Determine Adequacy of AEDPA Exhaustion of Remedies. In view of the foregoing, Petitioner's Motion to Rule on Prior Motion should be denied as moot.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (document # 1) be **DISMISSED**.

IT IS FURTHER RECOMMENDED that Petitioner's Motion to Rule on Prior Motion (filed January 9, 2006) be **DENIED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e). Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. Fed. R.Civ. P. 72.

DATED this 18th day of January, 2006.

Lawrence O. Anderson
United States Magistrate Judge